UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TAREK MENTOURI, | |
| Plaintiff, | Case No. 3:21-cv-00383 |
| v. | Judge William L. Campbell, Jr. |
| PERDOCEO EDUCATION CORPORATION, | Magistrate Judge Alistair E. Newbern |
| Defendant. | |

## ORDER TO SHOW CAUSE

On May 19, 2021, Defendant Perdoceo Education Corporation moved to dismiss pro se Plaintiff Tarek Mentouri's claims against it and served Mentouri with a copy of its motion and supporting memorandum of law by mail. (Doc. Nos. 5, 6.) The Court notified Mentouri that his response in opposition was due no later than seventeen days after the defendant served him with the motion by mail. (Doc. No. 8.) Mentouri has not filed a response, and the time for him to do so has passed. The Court must therefore determine whether Mentouri has abandoned his claims in this action.

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled

that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363).

Accordingly, Mentouri is ORDERED TO SHOW CAUSE by July 1, 2021, why the Magistrate Judge should not recommend that his claims be dismissed for failure to prosecute or for the reasons stated in the defendant's motion to dismiss. Mentouri must file his response in opposition to the defendant's motion to dismiss at the same time he files his response to this Order to Show Cause. Mentouri is warned that failure to comply with this Order to Show Cause will likely result in a recommendation that his claims be dismissed.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge