UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TAREK MENTOURI,<br><br>  Plaintiff,<br><br>v.<br><br>PERDOCEO EDUCATION CORPORATION,<br><br>  Defendant. | Case No. 3:21-cv-00383<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:   The Honorable William L. Campbell, Jr., District Judge

## REPORT AND RECOMMENDATION

On July 12, 2021, the Court ordered pro se Plaintiff Tarek Mentouri to show cause by July 26, 2021, why the Magistrate Judge should not recommend that this action be dismissed under Federal Rule of Civil Procedure 41(b) for Mentouri's failure to prosecute his claims or for the reasons stated in Defendant Perdoceo Education Corporation's pending motion to dismiss. (Doc. No. 10.) Mentouri has not responded to the Court's show-cause order. For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss Mentouri's complaint without prejudice under Rule 41(b) for Mentouri's failure to prosecute and find moot Perdoceo's motion to dismiss.

**I.    Factual and Procedural Background**

On or around March 25, 2021, Mentouri filed a complaint in the General Sessions Court of Davidson County, Tennessee, alleging that Perdoceo had violated the Telephone Consumer Protection Act (TCPA). (Doc. Nos. 1-1, 1-2.) Perdoceo removed this action to federal court on May 12, 2021 (Doc. No. 1), and filed a motion to dismiss Mentouri's complaint one week later

(Doc. No. 5). Perdoceo argues that the Court should dismiss Mentouri's complaint under Federal Rule of Civil Procedure 12(b)(6) because the complaint does not include any factual allegations supporting Mentouri's claim that Perdoceo violated the TCPA. (Doc. No. 6.) Perdoceo certified that it served a copy of its motion and supporting memorandum of law on Mentouri by mail on May 19, 2021. (Doc. Nos. 5, 6.) On May 20, 2021, the Court notified Mentouri that, under this Court's Local Rule 7.01(a)(3), his response in opposition to Perdoceo's motion to dismiss was due no later than seventeen days after Perdoceo served him with its motion by mail. (Doc. No. 8.) Mentouri did not file a response to Perdoceo's motion to dismiss.

On June 11, 2021, the Court ordered Mentouri to show cause by July 1, 2021, why the Magistrate Judge should not recommend that his claims be dismissed for failure to prosecute or for the reasons stated in Perdoceo's motion to dismiss. (Doc. No. 9.) The Court ordered Mentouri to file his response in opposition to the motion to dismiss at the same time he filed his response to the show-cause order and warned Mentouri that failure to comply with the show-cause order would "likely result in a recommendation that his claims be dismissed." (*Id.* at PageID# 38.)

On June 16, 2021, the Court was informed that Mentouri is currently incarcerated at the Davidson County Correctional Development Center and had not received filings or the Court's orders mailed to his home address. The Clerk of Court therefore mailed copies of all docket entries in this action, including the Court's show-cause order, to Mentouri at the Correctional Development Center.

On July 12, 2021, the Court found that Mentouri still had not responded to the Court's show-cause order or Perdoceo's motion to dismiss. (Doc. No. 10.) "In light of Mentouri's pro se status and the confusion regarding his mailing address, the Court . . . afford[ed] Mentouri a final opportunity to respond to the Court's order." (*Id.* at PageID# 39.) The Court therefore ordered

Mentouri to show cause by July 26, 2021, why the Magistrate Judge should not recommend that his claims be dismissed for Mentouri's failure to prosecute or for the reasons stated in Perdoceo's motion to dismiss. (Doc. No. 10.) The Court again ordered Mentouri to file his response in opposition to Perdoceo's motion to dismiss at the same time he filed his response to the Court's second show-cause order and warned Mentouri that failure to comply the order would likely result in a recommendation that the Court dismiss his claims. (*Id.*) The docket shows that Mentouri has not responded to the Court's second show-cause order or to Perdoceo's motion to dismiss.

**II.    Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other,

less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

**III.    Analysis**

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Mentouri.

**A.    Bad Faith, Willfulness, or Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). There is no indication that Mentouri's failures to respond to Perdoceo's motion to dismiss and the Court's show-cause orders were motivated by bad faith. However,

4

because the Court warned Mentouri that failure to respond to Perdoceo's motion and failure to respond to the Court's show-cause orders could result in dismissal, these failures are indicative of willfulness or fault for purposes of Rule 41(b) and therefore "tip[ ] the scale in favor of dismissal on the first factor." *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Daniels v. Napoleon*, Civil Action No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding first factor of Rule 41(b) analysis weighed in favor of dismissal where court warned pro se plaintiff "that his case would be dismissed with prejudice if he failed to file a response to Defendants' motion to dismiss or a response to the Court's Order to Show Cause"). This factor therefore weighs in favor of dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish

5

prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, Perdoceo has filed a motion to dismiss Mentouri's complaint. (Doc. No. 5.) Because this is a typical step in early litigation, the prejudice factor weighs against dismissal. *See Schafer*, 529 F.3d at 739–40.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Id.* at 740 (quoting *Stough*, 138 F.3d at 615). The Court expressly warned Mentouri that "failure to file a timely response in opposition to [Perdoceo's] motion to dismiss may result in a recommendation that the motion be granted as unopposed or the action be dismissed for failure to prosecute" (Doc. No. 8) and that failure to comply with the Court's show-cause orders would "likely result in a recommendation that his claims be dismissed" (Doc. No. 9, PageID# 38; Doc. No. 10, PageID# 40). This factor weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here, even though Perdoceo has filed a motion to dismiss. *See Daniels*, 2014 WL 6669116, at *1 (adopting report and recommendation dismissing pro se plaintiff's complaint without prejudice for failure to prosecute and denying defendants' motion to dismiss as moot). Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737

6

(noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 41(b) for Mentouri's failure to prosecute and that Perdoceo's motion to dismiss (Doc. No. 5) be FOUND MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 23rd day of September, 2021.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge